UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
KENNETH GOLDEN, et al.,

                    Plaintiffs,

    v.

EXECUTIVE FUNDING CORPORATION,
et al.,
                    Defendants.
--------------------------------------------------------X
GARAUFIS, United States District Judge.

        ORDER

        98-CV-7390 (NGG) (MDG)

On May 6, 2005, Magistrate Judge Marilyn D. Go issued a Report and Recommendation ("R&R") recommending that default judgment be entered against defendants Max Greenblatt, Joseph Greenblatt and Executive Funding Corporation and in favor of plaintiff Kenneth Golden in the amount of $1,823,667.95, plus attorneys fees of $14,306.00 and interest on $296,025.00 at $72.99/day from May 31, 2005 until entry of judgment. The R&R also appears to recommend that Golden be permitted to submit an accounting for the costs and fees of this litigation to the Clerk of the Court at a later date. The parties' time to file objections to the R&R originally were due on May 23, 2005, but due to Golden's delay in serving the R&R on the defendants, Judge Go extended the defendants' time to file objections to May 31, 2005. The court has not received any objections to the R&R from any party, and any objections now received would be untimely.

In reviewing an R&R, this court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In order to accept a Magistrate Judge's R&R where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160

F. Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Judge Go's R&R is comprehensive and extremely well-reasoned. Moreover, its analysis closely tracks that of the R&R issued by Judge Go in a related case, Prime Money Mgmt., Inc., et al. v. Hoffman et al, No. 95 Civ. 2269 (NGG). Defendant Joseph Greenblatt defaulted in that case as well, and filed numerous objections to the earlier R&R which I rejected in all aspects relevant to the instant R&R. (See Unpublished Memorandum and Order, March 14, 2005.) I find no clear error in this R&R, and adopt Judge Go's R&R on all but one point. Prevailing plaintiffs in civil RICO actions are ordinarily entitled to recover the costs of "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." United States Football League v. National Football League, 887 F.2d 408, 416 (2d Cir. 1989). Here, Golden has failed to provide any accounting for the costs of this litigation. Judge Go appears to recommend that Golden be provided another opportunity to do so. (R&R at 36.) However, in light of Golden's longstanding failure to provide the court with this information, his request for an award of costs in addition to damages and attorneys' fees is denied.

Default judgment in the amount of $1,824,105.89, plus attorneys fees of $14,306.00, is hereby entered against the defaulting defendants in accordance with Judge Go's recommendations. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: June 6, 2005                         _____/s/_____
       Brooklyn, N.Y.                        Nicholas G. Garaufis
                                          United States District Judge